Peck, J.
Although the record does not disclose tMs fact, it is the contention of the relator, both in Ms brief filed in the Court of Appeals and in Ms oral argument before tMs court, that Section 2301.04, Revised Code, was enacted to expedite the judicial process and to relieve the congestion then existing in the Common Pleas Court of Cuyahoga County, OMo. It is his contention, again not established by the record before us, that the period from the filing date to the date of trial in civil cases in Cuyahoga County has increased from eight months to 30 months in the last dozen years prior to the institution of tMs action. Possessing the conviction that compliance with the spirit of the statute would reduce this period from 30 months to six months, the relator has prosecuted this action to cause such compliance to be accomplished.
*264 Without considering whether, under the law of Ohio, an attorney admitted to the practice by the Supreme Court of the state is a “member” of the Bar of any individual county, it is recognized that the relator stands before this court as.a practicing lawyer of Cuyahoga County of many year’s standing, in addition to being a citizen and taxpayer there. The relator does not contend, however, that as such practicing attorney he has personally experienced delay in having any matter, in which he has been a party or an attorney, brought to trial in the Common Pleas Court of Cuyahoga County. Neither does he complain of any other impairment of any rights of which he may be possessed in any of his three listed capacities, but, rather, he takes the commendable position that the prosecution of this action is on the basis of his desire to perform a civic duty.
“Mandamus” is defined by Section 2731.01, Revised Code, as a writ commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station.
Section 2731.02, Revised Code, provides that the writ may issue on the information of the “party beneficially interested.”
Section 2731.04, Revised Code, provides that application for a writ of mandamus must be by petition “in the name of the state on the relation of the person applying” but makes no provision as to who may or may not so apply and contains no amplification of the phrase, “party beneficially interested,” in Section 2731.02. As is therefore to be expected, a review of the rights of various parties seeking such a writ has frequently been made by this court.
In some of the cases in which judicial comment has been made on this subject, the court, in the individual cases before it, has been content to hold only that the relators there suing had the right to maintain the actions for the writ. Such a holding was made in the case of State, ex rel. Blackwell, a Taxpayer, v. Bachrach et al., City Council, 166 Ohio St., 301, 143 N. E. (2d), 127. The first of the six paragraphs of the syllabus in that case authorizes the maintaining of the action by a relator who shows that “he is a citizen and as such is interested in the execution of the laws,” but, as is pointed out in a con *265 curring opinion in that case, that paragraph of the syllabus was not only inapplicable to the facts there presented but was not necessary to the decision. The writ of mandamus there sought was applied for under authority of Sections 733.58 and 733.59, Revised Code. These sections read together authorize “any taxpayer” to make application for the writ under facts such as existed there.
In the earlier case of State, ex rel. Skilton, v. Miller, Judge, 164 Ohio St., 163, 128 N. E. (2d), 47, 49 A. L. R. (2d), 1279, in the majority opinion by Judge Bell, who also wrote the majority opinion in the Bachrach case, it is stated that under facts such as there presented a relator, in order to maintain an action in mandamus, must have a beneficial interest in the act sought to be compelled. There, as here, the interest of the relator was in causing a compliance with and an enforcement of “the statutory law.”
This subject is discussed in the article on mandamus in Ohio Jurisprudence (2d), written by William L. Hart, formerly a judge of this court. After a reference therein to Sections 2731.01, 2731.02 and 2731.04, Revised Code, it is stated as follows (35 Ohio Jurisprudence [2d], 417, Section 135):
“In accordance with the above statutes and the holdings of the Ohio courts, the relator must have a beneficial interest in the mandamus action and the relief sought therein, and a petition in mandamus must show a beneficial interest in the relator in the acts sought to be compelled. If it does not appear that the relator has such a beneficial interest, the writ will be denied. Accordingly, the rule is well settled in Ohio that if no legal right of a person can be affected by the failure of a public official to act in any given manner, such person does not have a beneficial interest such as will permit him to maintain an action in mandamus to require such officials to so act.” (Emphasis supplied.)
In accordance with the foregoing, it is our conclusion that in order to properly be a relator in a mandamus action the applicant must allege and prove that he has a beneficial interest in the subject matter of the action, and that such interest must be different from and transcend that of the citizenry generally. *266 In the present case if the .interest of the relator is different from and transcends that of other citizens and taxpayers, it can only he because he is also an attorney. However, as has been previously pointed out, there is no claim that in this professional capacity either he or his clients have been either inconvenienced or harmed in any manner.
We are not here required to hold that the “beneficial interest” must be of a pecuniary nature. We will, however, pass upon the limited question as to whether the relator in a mandamus action, solely by reason of being a member of the legal profession, has such a “beneficial interest” in the enforcement of a statute dealing with the performance of judicial functions as to enable him to maintain a mandamus action to compel the performance of such functions. It is our conclusion that no such right is thereby created and we so hold.
It being our conclusion that the relator does not allege facts which justify the entertainment by the Court of Appeals of this mandamus action, we will not here consider the question presented as to whether the statute under consideration is directory only or mandatory.
It being the finding of the Court of Appeals that no invasion of a personal right of the relator has been pleaded, the judgment of that court denying the writ is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taft, Matthias, Bell and Herbert, JJ., concur.